## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**DONALD A. DEAVAULT**                                                    **PETITIONER**
**Reg #25141-044**

**VS.**                        **CASE NO.: 2:12CV00075 BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                               **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner David Devault is currently an inmate at United States Bureau of

Prisons's ("BOP") Federal Correctional Complex ("FCC"), Forrest City, Arkansas.  In his

petition for writ of habeas corpus brought under 28 U.S.C. § 2241, Mr. Devault claims

that the BOP has incorrectly calculated his sentence.  (docket entry #1)  The Respondent

contends that the BOP has calculated Mr. Devault's sentence correctly under 18 U.S.C.

Section 3584(c) and Section 3585(a).  (#6 at pp. 2-3)  For the reasons set forth below, Mr.

Devault's petition must be DISMISSED.

### I.      Background

St. Louis Metropolitan Police officers arrested Mr. Devault on December 22, 2009,

for receiving stolen property, possession of a controlled substance, and unlawful

possession of a weapon.  (#6-1 at pp. 1, 9-10, 13-14, 18-19)  Mr. Devault was released on

December 23, 2009.  (#6-1 at p. 1, 14)  The State of Missouri did not pursue charges

against Mr. Devault, and the matter was referred to the United States Attorney for

prosecution.  (#6-1 at p. 14)

United States Marshals arrested Mr. Devault on January 12, 2009, on charges of violating the conditions of his supervised release and for being a felon in possession of a firearm.  (#6-1 at pp. 2, 25-27)  Mr. Devault remained in the custody of the U.S. Marshal.

On May 18, 2010, the United States District Court for the Eastern District of Missouri, in case number 4:98CR221 and case number 4:09CR142, sentenced Mr. Devault to a 24-month term of imprisonment for violating conditions of his supervised release.  (#6-1 at p. 2, #6-2 at pp. 2-12)  Both sentencing courts ordered the sentences to run concurrently and concurrent to any sentence imposed in case number 4:10CR00131, in which Mr. Devault was charged with being a felon in possession of a firearm.  (#6-1 at p. 2, #6-2 at pp. 4, 10)

On October 8, 2010, the United States District Court for the Eastern District of Missouri, in case number 4:10CR131, sentenced Mr. Devault to a 60-month term of imprisonment for being a felon in possession of a firearm.  (#6-1 at p. 2, #6-2 at pp. 14-16)  The Court ordered the sentence to run concurrent with the already imposed 24 month sentences in cases 4:98CR221 and 4:09CR142.  (#6-1 at p. 2, #6-2 at p. 15)

The BOP calculated Mr. Devault's aggregate sentence under the guidelines set forth in BOP Program Statement 5880.28 and determined that Mr. Devault had to serve a five-year, four-month, twenty-day term of imprisonment.  (#1 at p. 5)  His current projected release date is November 10, 2014.

2

Mr. Devault properly used the BOP's administrative review process to request that the time that he served from December 22, 2009, through December 23, 2009, and from January 12, 2010, through May 17, 2010, be applied to the sixty-month sentence imposed on October 10, 2010, and that his projected release date be moved to March, 2014.  (#1 at p. 5)  Mr. Devault has exhausted his administrative remedies and now seeks review of the BOP's decision.

## II.     Sentence Calculation

The Court reviews the BOP's decision for abuse of the agency's "substantial discretion under 18 U.S.C. § 3621." *Fegans*, 506 F.3d 1101, 1105 (8th Cir. 2007).  The Attorney General, through the BOP, has responsibility for computing federal sentences and determining the commencement of sentences under 18 U.S.C. § 3585.  *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)).

In this case, there is no dispute that all of the District Court Judges who imposed sentences ordered the sentences to run concurrently.  So, Mr. Devault claims that his aggregate sentence should be 60 months commencing on May 18, 2010, and that he should additionally be awarded credit for the time he served from December 22, 2009, through December 23, 2009, and January 12, 2010, through May 17, 2010.  What Mr. Devault does not understand, however, is that his second sentence, the sixty-month sentence, could not begin to run before it was imposed.

Title 18 U.S.C. §3585 provides that, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585.

BOP Program Statement 5880.28 provides that, "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."  BOP Program Statement 5880.28, pp. 1–13; see also *Ziegler v. Sanders*, 2006 WL 2365719 at *4 (E.D. Ark. 2006) ("a federal sentence cannot commence prior to the date it is pronounced").  As a result, each of Mr. Devault's sentences commenced on the date of imposition.

Consequently, the earliest Mr. Devault's 60-month sentence could have commenced was on October 8, 2010, the date he was sentenced.  Even though the sentence was ordered to be served concurrent with the previously imposed 24-month sentences, the 60-month sentence can be deemed to run concurrent only with the unserved portion of the 24-month sentences.  Under settled law, the sentence cannot be deemed to have a retroactive commencement date.  See *Kennedy v. Terrell*, CIV.09-1043 (PAM/JSM), 2010 WL 2130976 (D. Minn. Apr. 29, 2010) report and recommendation adopted, CIV.09-1043(PAM/JSM), 2010 WL 2130995 (D. Minn. May 24, 2010)(citing *Sisemore v. Outlaw*, No. 09–3468, 2010 WL 364351 at *1 (8th Cir. Feb.3, 2010) (per curiam) (stating the "district court's order that prison term should run concurrently with

4

prison term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served") (citing *Coloma v. Holder*, 445 F.3d 1282, 1283–84 (11th Cir. 2006) (per curiam)) (other citations omitted)).

Under 18 U.S.C. § 3584(c) and BOP Program Statement 5880.28, multiple terms of imprisonment ordered to run concurrently are treated by the BOP as a single aggregate term of imprisonment.  Here, Mr. Devault's 60-month sentence overlaps the 24-month sentence by 3 years, 4 months, and 20 days.  The BOP has properly added the overlap to the pre-existing 24-month sentence, as required by 18 U.S.C. § 3584(c), and has properly concluded that Mr. Devault's aggregate sentence is 5 years, 4 months, and 20 days, commencing on May 18, 2010.  (#6-2 at p. 27)

After awarding Mr. Devault prior custody credit for the time he served from December 22, 2009 through December 23, 2009 and January 12, 2010, through May 17, 2010, his projected statutory release date is November 10, 2014.  (#6-2 at p. 36)

## III.    Conclusion

Donald A. Devault's Petition for Writ of Habeas Corpus (#1) is DISMISSED with prejudice.  IT IS SO ORDERED this 21st day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE